JUSTICE LEAPHART,
concurring in part and dissenting in part.
¶35 I concur with the Court’s decision on issues 1,3 and 4.1 dissent as to issue 2, whether there was sufficient evidence presented to support Roman’s conviction for stalking.
¶36 In sending a letter directly to Karen, Roman was in violation of the protective order prohibiting him from contacting Karen. However, I am at a loss as to how he can be found guilty of stalking on the basis of an unopened letter. The stalking statute prohibits a person from causing another person substantial emotional distress by “harassing, threatening, or intimidating the stalked person, in person or by phone, by mail, or by other action, device, or method.” Section 45-5-220(l)(b), MCA. The statute clearly encompasses mailings. However, it is equally clear that the statute envisions that the stalked person suffer emotional distress due to the “harassing, threatening, or intimidating” nature of the content of the mailing. Since the letter to Karen was unopened, we are left to speculate as to its content. We can just as easily speculate that it contained an apology. In order to convict Roman of stalking, the trier of fact must assume that the content of the letter was “harassing, threatening, or intimidating.” A conviction for a felony offense should not be based upon such an assumption as to a critical fact.
¶37 I agree that “repeatedly” means more than once. In the present case there are two incidents alleged, the mailing of the letter to Gloria and Karen and the mailing to Karen individually. For the reasons set forth above, I think there was insufficient evidence of stalking as to the unopened letter mailed to Karen. That being so, the remaining letter, being but a single incident, does not satisfy the requirement of “repeated” conduct. Accordingly, I would reverse the conviction for stalking.